

**Arnold B. Calmann**
**(973) 645-4828**
**abc@saiber.com**

February 24, 2020

**VIA ELECTRONIC FILING**

Honorable Stanley R. Chesler, U.S.D.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    *Sanofi-Aventis U.S. LLC, et al. v. Mylan GmbH, et al.*
             **Civil Action No. 2:17-cv-09105-SRC-CLW**

Dear Judge Chesler:

      We, along with Wilson Sonsini Goodrich & Rosati, represent Defendants in the above matter. We write to follow up on our January 28, 2020 letter (ECF No. 556) and to apprise Your Honor that on February 18, 2020 the Federal Circuit issued its mandate affirming the invalidity of all claims of the '652 patent, which is the sole remaining patent asserted against Mylan GmbH's proposed vial product. Your Honor had previously stayed all proceedings regarding the '652 patent, ECF No. 521, but Defendants submit that the Federal Circuit's mandate justifies lifting the stay and entering a judgment of invalidity in this case.

**I.**      **Background**

      Defendants' January 28 submission to Your Honor stated they would confer with Sanofi regarding a proposal for resolving the '652 patent in this case. ECF No. 556. Since then, Sanofi filed a motion at the Federal Circuit seeking to stay the Federal Circuit's mandate pending resolution of Sanofi's "anticipated" petition to the Supreme Court for writ of certiorari, which the Federal Circuit denied on February 6, 2020. Ex. A. The next day, Sanofi filed a motion at the Supreme Court, again seeking a stay of the Federal Circuit's mandate.[1] The Supreme Court denied Sanofi's motion "in all respects" on February 14, 2020. Ex. B. The Federal Circuit's mandate issued on February 18, 2020. Ex. C.

---

[1] Application to Stay or Recall the Federal Circuit's Mandate Pending the Filing and Disposition of a Writ of Certiorari, *Sanofi-Aventis Deutschland GmbH v. Mylan Pharmaceuticals Inc.*, No. 19A886 (Feb. 7, 2020).

Saiber LLC • One Gateway Center, 10th Floor, Suite 1000 • Newark, New Jersey • 07102-5311 • Tel 973.622.3333 • Fax 973.286.2465 • www.saiber.com
Florham Park • Newark • New York • Philadelphia

Hon. Stanley R. Chesler, U.S.D.J.
February 24, 2020
Page 2

      Defendants promptly conferred with Sanofi regarding a proposal to lift the stay and enter judgment consistent with the mandate. Sanofi rejected Defendants' proposal, contending this Court's stay with respect to the '652 patent should remain in effect until resolution of their upcoming petition for writ of certiorari to the Supreme Court, which must be filed by April 27, 2020. Sanofi is wrong as a matter of law because once the Federal Circuit mandate issues, res judicata applies. *See, e.g., Roche Palo Alto LLC v. Apotex, Inc.*, 526 F.Supp.2d 985, 998 (N.D. Cal. 2007), *aff'd on other grounds*, 531 F.3d 1372, 1380 (Fed. Cir. 2008) ("Defendants contend that the resolution in Syntex is not yet a 'final judgment on the merits' because they have filed a still-pending petition for a writ of certiorari before the United States Supreme Court. This argument is contrary to law. The preclusive effect of a federal district court judgment is unaffected by any appeals pending therefrom.").

**II.**    **The Mandate Makes Judgment of Invalidity of the '652 Patent Final**

      Defendants respectfully request the Court lift the stay and enter judgment of invalidity regarding the '652 patent based upon well-settled principles of res judicata and/or collateral estoppel. Indeed, Sanofi itself has acknowledged, as it must, that the Federal Circuit's affirmance of a PTAB's invalidity decision is a final judgment. *See* ECF No. 379 at 22-23 (quoting *MaxLinear, Inc. v. CF CRESPE LLC,* 880 F.3d 1373, 1375–76 (Fed. Cir. 2018) and *XY, LLC v. Trans Ova Genetics,* 890 F.3d 1282, 1294 (Fed. Cir. 2018)).

      To effect the Federal Circuit's final judgment, Defendants have attached a Proposed Final Judgment for entry in this case. We thank the Court for its consideration and assistance in this matter.

      Respectfully submitted,

      */s/ Arnold B. Calmann*

      Arnold B. Calmann

cc: All Counsel of Record (by CM/ECF)